UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JUDE BOUDREAUX | § | C.A. NO. |
| | § | |
| VS. | § | |
| | § | |
| SBM OFFSHORE USA, INC., | § | |
| MURPHY EXPLORATION & | § | |
| PRODUCTION COMPANY, | § | |
| MURPHY OIL CORPORATION, and | § | |
| WOOD GROUP PSN, INC. | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Jude Boudreaux ("Plaintiff"), complaining of Defendants SBM Offshore USA, Inc. ("SBM Offshore"), Murphy Exploration & Production Company, and Murphy Oil Corporation (collectively "Murphy"), and Wood Group PSN, Inc. ("Wood Group"), and for cause of action, would respectfully show this Honorable Court as follows:

**I. PARTIES**

1.1   Plaintiff Jude Boudreaux, is a U.S. citizen and resident of Louisiana.

1.2   Defendant, SBM Offshore USA, Inc., is a Delaware corporation with its principal place of business in this District, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Philip Islip, 1255 Enclave Parkway, Houston, Teax 77077.

1.3   Defendant, Murphy Exploration & Production Company, is a Delaware corporation with its principal place of business in this District, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process

through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

1.4    Defendant Murphy Oil Corporation, is a Delaware corporation with its principal place of business in this District, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

1.5    Defendant Wood Group PSN, Inc., is a Nevada corporation with its principal place of business in this District, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, United Agent Group Inc., 2425 W. Loop South #200, Houston, Texas 77027.

## II. JURISDICTION

2.1    This Court has admiralty jurisdiction over this matter pursuant to 28 U.S.C. § 1333 as Plaintiff's claims arise under the general maritime law. Additionally this Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C.A. § 1301, *et seq*.

## III. VENUE

3.1    Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

3.2    Venue is proper in this OCSLA action pursuant to 28 U.S.C. §1391, as Defendants reside in this District.

## IV. FACTS

4.1     On or about March 4, 2016, Plaintiff was employed by DXP Enterprises Inc., working as a field service technician aboard the *Thunder Hawk*, a semi-submersible vessel operating in navigable waters, which vessel was owned by SBM Offshore and operated by Murphy.

4.2     At all material times hereto, Plaintiff was working on the *Thunder Hawk* in the Gulf of Mexico, Mississippi Canyon block, and was injured while assisting with putting together a pump on the platform while ten foot sections of the pump were being pieced together with the assistance of a crane. During this process, the crane operator let too much slack into the lines and the pipe section shifted, jerking Plaintiff to the floor of the platform, where he sustained severe injuries.

## V. DEFENDANTS' NEGLIGENCE AND/OR GROSS NEGLIGENCE

5.1     As stated above, on or about March 4, 2016, Plaintiff was injured while working on the *Thunder Hawk*.

5.2     Defendants SBM Offshore and/or Murphy are liable for the subject accident and Plaintiff's injuries and damages by reason of their negligence, gross negligence, and/or conditions attributable to them, directly and/or vicariously, by and through the vessel and/or her agents, representatives and/or employees, in one or more of the following particulars:

(a)     failing to maintain adequate communication with the crane operator performing the operations;

(b)     performing operations in adverse weather conditions;

(c)     failing to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair;

(d)     failing to take reasonable precautions for Plaintiff's safety;

(e)     failing to provide a reasonably safe place to work;

      (f)    failing to warn Plaintiff of known and/or existing hazards; and

      (g)    other acts so deemed negligent, particulars to be shown at trial of this cause.

5.3    Wood Group is liable for the subject accident and Plaintiff's injuries and damages by reason of its negligence, gross negligence, and/or conditions attributable to it, directly and/or vicariously, by and through its agents, representatives and/or employees, including its crane operator, in one or more of the following particulars:

      (a)    imprudent and/or improper lifting;

      (b)    failing to maintain adequate communication during operations;

      (c)    allowing an incompetent and reckless crane operator to operate the crane; and

      (d)    other acts so deemed negligent, particulars to be shown at trial of this cause.

5.4    As a result of all Defendants' actions and/or inactions, Plaintiff has been caused to endure considerable pain and suffering, and as a result thereof, was obliged to obtain medical care and treatment, caused to lose time from his employment, and sustain the monetary and financial loss occasioned by said lost time from work. Plaintiff has been prevented, and in all likelihood will continue to be prevented, from engaging in his usual occupations, pastimes and pursuits which he would have engaged in but for the injury aforementioned.

5.5    Plaintiff would show that each of the foregoing, individually or collectively, constituted negligence, which was a proximate cause of his injuries and damages complained of herein.

5.6    In addition to the above negligent acts, Defendants acted willfully, and with malice, or recklessness, in doing the things alleged, and were grossly negligent in the aforementioned particulars.

5.7	Defendants had actual, subjective, awareness of the risks involved in this personnel basket transfer but nevertheless proceeded in conscious indifference to the rights, safety, and welfare of Plaintiff.

5.8	Plaintiff's injuries were not culminated by any contributing fault of his own, but solely the negligence and/or gross negligence of Defendants.

## VI. DAMAGES (PECUNIARY AND NON-PECUNIARY)

6.1	As a result of these occurrences and negligent acts, Plaintiff sustained severe and permanent injuries to his body.  In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for treatment; such expense is still continuing and he is unable to state the full amount thereof.

6.2	Categorical damages which Plaintiff seeks to recover from Defendants include compensation for the following:

(a)	physical disability sustained by Plaintiff from the date of injury to the time of trial;

(b)	future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

(c)	physical pain and suffering and mental anguish sustained by Plaintiff from the date of injury to time of trial;

(d)	physical pain and suffering and mental anguish which is reasonably anticipated to be suffered by Plaintiff in the future;

(e)	loss or earnings sustained by Plaintiff from the date of injury to time of trial;

(f)	loss of earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

(g)	reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

(h) reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

(i) past and future physical disfigurement;

(j) past and future physical impairment;

(k) loss of enjoyment of life; and

(l) punitive damages.

## VII. INTEREST

7.1 Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII.  JURY DEMAND

8.1 Plaintiff demands a trial by jury herein.

WHEREFORE, Plaintiff prays:

(a) that process in due form of law according to the practice of this Honorable Court issue against Defendants summoning them to appear and answer, all and singular, the matters aforesaid;

(b) that a judgment may be entered in favor of Plaintiff against Defendants, jointly and severally, for the amount of his claims to be determined, including for actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages; attorney's fees; costs of suit; and

(c) for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause, and to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
SBN 24076708 / SDTX 1139660
marcus@spaglaw.com
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:    713-653-5600
Facsimile:     713-653-5656
**ATTORNEY FOR PLAINTIFF**